IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20506
Summary Calendar
_____

JEROME WHITAKER,

Plaintiff-Appellant,

versus

FRANCIS CHERIAN, BRADLE BACHMANN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3923
--------------------
October 24, 2002

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Jerome Whitaker, Texas prisoner # 433180, has moved this

court for permission to proceed in forma pauperis (IFP) on appeal

following the district court's dismissal of his 42 U.S.C. § 1983

complaint as frivolous.  By moving for IFP, Whitaker is

challenging the district court's certification that IFP status

should not be granted on appeal because his appeal is not taken

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in good faith.   See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

We hold that the district court did not abuse its discretion in dismissing Whitaker's Eighth Amendment claims as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (dismissal of an IFP complaint as frivolous is reviewed for abuse of discretion).   Whitaker's allegations constitute a disagreement over the type of medical treatment that he should have received and, therefore, do not raise a cognizable 42 U.S.C. § 1983 claim. See Varnado v. Lynaugh, 920 F.3d 320, 321 (5th Cir. 1991).

"[N]othing prevents the appellate court from sua sponte dismissing the case on the merits pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless."   See Baugh, 117 F.3d at 202 n.24.   Whitaker has failed to show that his appeal involves nonfrivolous legal issues, and, therefore his appeal is dismissed.

Whitaker is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).   We caution Whitaker that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

MOTION FOR IFP STATUS DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.